UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-68-TBR

UNITED STATES OF AMERICA,                                                  PLAINTIFF

v.

SHELBY STRONG, et al.,                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Motion by Defendant Shelby Strong ("Strong") for notification of the United States' intention to use evidence of other crimes, wrongs, or acts under Federal Rule of Evidence 404(b). [DN 93.] The United States has responded. [DN 104.] This matter is ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that Strong's Motion [DN 93] is **DENIED.**

**I. Background**

This case arises out of an alleged conspiracy amongst various individuals, including Strong, to purchase firearms in Kentucky and Indiana for resale and/or distribution to individuals prohibited from possessing firearms due to past felony convictions. [DN 53.] In a forty-count Superseding Indictment filed by the United States on November 21, 2017, Strong was charged in thirty-one of them. [*See id.*] Strong has been charged with one count of conspiracy to possess a firearm by a prohibited individual; thirteen counts of being an unlawful user of a controlled substance while in possession of a firearm; eleven counts of making a false and fictitious written statement intended to deceive a firearms dealer regarding substance abuse in purchasing a firearm; one count of dealing in firearms by an unlicensed seller; one count of traveling across state lines with the intent to deal in firearms; and four counts of aiding and abetting the sale and

disposal of a firearm. [*See generally id.*] The Superseding Indictment also includes charges against four other individuals: Chicoby Summers, Jerlen Horton, Derrick Hammond, and Lakeshia Watts. [*See id.*] Strong has filed the instant Motion in an effort to compel the United States' production of any Rule 404(b) evidence it intends to use at trial, asking this Court to order the production of any such evidence at least thirty days before trial. [DN 93, at 1.]

## II. Legal Standard

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Subsection (2) provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* It goes on to note that, [o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.*

## III. Discussion

In the present action, Strong has asked this Court to order the United States to turn over any Rule 404(b) evidence no later than thirty days before trial. [DN 93, at 1.] In response, the United States suggests that fourteen days is more in line with Rule 404(b)(2)'s "reasonable notice" requirement. The Court will split the difference.

Courts have held that time periods less than one month fall within the realm of what constitutes "reasonable notice" under Rule 404(b). *See, e.g.*, *United States v. French*, 974 F.2d 687, 694 (6th Cir. 1992) (trial court did not abuse its discretion in allowing the United States to

disclose 404(b) evidence seven days before trial); *see also United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) ("The government gave the defendants adequate notice that it planned on using Rule 404(b) evidence" when it disclosed relevant documents one week before trial.) Some courts have held that two weeks' notice satisfies the "reasonable notice" requirement in Rule 404(b). *See, e.g.*, *United States v. Fennell*, 496 F. Supp. 2d 279, 284 (S.D.N.Y. 2007) (explaining that the government's agreement to disclose Rule 404(b) evidence two weeks before trial was sufficient.). Still other courts have held that three weeks is sufficient. *See, e.g.*, *United States v. Pelini*, 896 F. Supp. 795, 797 (N.D. Ill. 1995) ("Regarding Rule 404(b), the government has agreed to provide said notice three weeks before trial, which satisfies the Rule 404(b) reasonableness requirement.").

Out of an abundance of caution, and due to the fact that Strong has been charged with thirty-one of the forty counts in the Superseding Indictment, the Court will order the United States to disclose Rule 404(b) evidence to Strong no later than three weeks, or twenty-one days, before the commencement of the trial in this matter. Twenty-one days serves to both satisfy the "reasonable notice" requirement in Rule 404(b), and also provide a strong buffer designed to prevent any prejudice to Strong that could come with late notice by the United States with respect to such evidence. Moreover, the Court is satisfied that the United States understands and appreciates its obligations under Rule 404(b), which include disclosure of such evidence, as well as a continuing duty to supplement such disclosures where necessary.

### IV. Conclusion

For the reasons stated in this Memorandum Opinion and Order, **IT IS HEREBY ORDERED** that Strong's Motion for Disclosure [DN 93] is **DENIED.**

**IT IS FURTHER ORDERED** that the United States **SHALL** disclose any Rule 404(b) evidence to Strong no later than **three weeks** before the commencement of the trial in this matter.

**IT IS SO ORDERED.**

cc: Counsel of Record