FILED
VANESSA L. ARMSTRONG, CLERK
AUG 28 2018
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 3:17-CR-068-TBR

SHELBY STRONG            DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, SHELBY STRONG, and his attorney, KEITH KAMENISH, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 371, 922(g)(3), 922(a)(6), 922(a)(1)(A), 922(d), 924(n). Defendant further acknowledges that, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, the Indictment in this case seeks forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Mossberg, Model 715T, .22 caliber rifle, bearing serial number EK13280311; a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP10468; a Taurus, Model PT738, .380 caliber pistol, bearing serial number 01930F; an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 16335857; an Anderson Manufacturing, Model AM-15, multi-caliber rifle, bearing serial number 17011353; a Standard Manufacturing, Model DB 12, 12 gauge shotgun, bearing serial number DP03992; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310293; an SCCY,

Model CPX2, 9 millimeter pistol, bearing serial number 372582; an FNH, Model Five Seven, 5.7 x 28 caliber pistol bearing serial number 386310322; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ055496; a Zastava, Model PAP M92PV, 7.62 caliber rifle, bearing serial number M92PV064626; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310119; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JX108653; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ059685; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26405; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22247; a Glock, Model 29, 10 millimeter pistol, bearing serial number BCNA646; a Diamondback Arms, Model DB-15, 5.56 millimeter caliber pistol, bearing serial number DB-1826354; a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJX19309; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26406; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TKN84123; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JY117233; a Glock, Model 21, .45 caliber pistol, bearing serial number XXL616; a CANIK, Model TP-9, 9 millimeter pistol, bearing serial number 16AP00604; a KELTEC, Model PMR30, .22 caliber pistol, bearing serial number WWEH34; and ammunition.

    2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

    3.    Defendant will enter a voluntary plea of guilty to Counts 1, and 11-40 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

COUNT 1
   *Conspiracy to Violate 18 U.S.C. § 922(g)(1); 18 U.S.C. § 371*
      Between February 25, 2017, and on or about June 27, 2017, in the Western District of Kentucky, the defendant knowingly conspired with his codefendants to violate 18 U.S.C. 922(g)(1).

COUNTS 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, and 33-34
   *Drug User in Possession of a Firearm*; 18 U.S.C. § 922(g)(3)
      On the following dates, in the Western District of Kentucky, the defendant knowingly possessed the firearms listed below. The defendant was prohibited by law from possessing firearms because he was an unlawful user of a controlled substance. All firearms were determined to have traveled in interstate commerce.

| Count 11 | 9/14/2016 | Mossberg 715T EK13280311; Standard Mfg DB12 DP03992 |
| --- | --- | --- |
| Count 13 | 10/24/2016 | FNH 5.7x28 386310293; Ruger LCP 371766625 |
| Count 15 | 10/28/2016 | SCCY CPX2 372582; FNH5.7x28 386310335 |
| Count 17 | 11/11/2016 | Taurus Judge JU964652 |
| Count 19 | 11/16/2016 | FNH 5.7x28 386310322; Taurus PT111 TJ055496 |
| Count 21 | 12/09/2016 | Zastava 7.62 M92PV064626; FNH 5.7x28 386310119; Taurus Judge JX108653; Taurus PT111 TJ059685 |
| Count 23 | 03/01/2017 | Tangfolio Witness MT26405; Glock 19 BBVZ551; Taurus PT111 TJU22247; Taurus PT111 TJU22775; Taurus PT809 TJW83525; Glock 29 BCNA646 |
| Count 25 | 03/10/2017 | Taurus PT809 TJY69069; Diamondback DB15 DB1826354; Taurus PT809 TJX19309; Tangfolio Witness MT26406 |
| Count 27 | 03/20/2017 | Taurus PT111 TKN84123; Taurus Judge JY117233 |
| Count 29 | 04/08/2017 | Glock 21 XXL616; CANIK TP9 16AP00604; KELTEC PMR30 WWEH34 |
| Count 31 | 04/17/2017 | CANIK TP9 16AP10468; Taurus PT738 01930F |
| Count 33 | 05/08/2017 | Anderson MFG AM-15 16335857 |
| Count 34 | 05/17/2017 | Anderson MFG AM-15 17011353 |

COUNTS 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, and 32
   *False Statement Material to Purchase;* 18 U.S.C. § 922(a)(6)
      On the following dates, in the Western District of Kentucky, the defendant made written false statements concerning facts material to the sale of the following firearms. The defendant represented that he was not an unlawful drug user in order to deceive

3

federally licensed firearms dealers regarding the lawfulness of the sale of these firearms.

| Count 12 | 10/24/2016 | FNH 5.7x28 386310293; Ruger LCP 371766625 |
|---|---|---|
| Count 14 | 10/27/2016 | SCCY CPX2 372582; FNH5.7x28 386310335 |
| Count 16 | 11/03/2016 | Taurus Judge JU964652 |
| Count 18 | 11/09/2016 | FNH 5.7x28 386310322; Taurus PT111 TJ055496 |
| Count 20 | 12/05/2016 | Zastava 7.62 M92PV064626; FNH 5.7x28 386310119; Taurus Judge JX108653; Taurus PT111 TJ059685 |
| Count 22 | 02/25/2017 | Tangfolio Witness MT26405; Glock 19 BBVZ551; Taurus PT111 TJU22247; Taurus PT111 TJU22775; Taurus PT809 TJW83525; Glock 29 BCNA646 |
| Count 24 | 03/06/2017 | Taurus PT809 TJY69069; Diamondback DB15 DB1826354; Taurus PT809 TJX19309; Tangfolio Witness MT26406 |
| Count 26 | 03/20/2017 | Taurus PT111 TKN84123; Taurus Judge JY117233 |
| Count 28 | 04/4/2017 | Glock 21 XXL616; CANIK TP9 16AP00604; KELTEC PMR30 WWEH34 |
| Count 30 | 04/17/2017 | CANIK TP9 16AP10468; Taurus PT738 01930F |
| Count 32 | 05/02/2017 | Anderson MFG AM-15 16335857 |

## COUNT 35

***Engaging in the Business of Dealing in Firearms***; 18 U.S.C. § 922(a)(1)(A)

Between February 25, 2017, and on or about June 27, 2017, in the Western District of Kentucky, the defendant willfully engaged in the business of dealing in firearms without a license by selling firearms to others for profit.

## COUNT 36

***Interstate Travel with Intent to Engage in the Business of Dealing in Firearms;*** 18 U.S.C. § 924(n)

Between October 20, 2016, and December 7, 2016, in the Western District of Kentucky, the defendant traveled from Kentucky to Indiana for the purchase of firearms with the intent to engage in the business of dealing in firearms.

## COUNTS 37-40

***Transfer of Firearm to Convicted Felon***; 18 U.S.C. § 922(d)

Between February 25, 2017 and April 12, 2017, in the Western District of Kentucky, the defendant, being aided and abetted by his co-defendant, sold or disposed of the following firearms to convicted felons, despite having reasonable cause to know the recipients to be convicted felons.

| Count 37 | Taurus PT809 TJW83525 | to Chicoby Summers |
| Count 38 | Taurus PT809 TJY69069 | to Chicoby Summers |
| Count 39 | Glock 19 SN BBVZ551 | to Jerlen Horton |
| Count 40 | Taurus PT111 TJU22775 | to Jerlen Horton |

4.   Defendant understands that the charges to which he will plead guilty carry the following potential penalties: Count 1: a maximum of five years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release; Counts 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, and 33-34: a maximum of ten years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release; COUNTS 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, and 32: a maximum of ten years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release; COUNT 35: a maximum of five years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release; COUNT 36: a maximum of ten years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release; COUNTS 37-40: a maximum of ten years imprisonment, up to a $250,000 fine or both and up to 3 years of supervised release.

Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Mossberg, Model 715T, .22 caliber rifle, bearing serial number EK13280311; a CANIK, Model TP9, 9 millimeter pistol, bearing serial number 16AP10468; a Taurus, Model PT738, .380 caliber pistol, bearing serial number 01930F; an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 16335857; an Anderson Manufacturing, Model AM-15, multi-caliber rifle, bearing serial number 17011353; a Standard Manufacturing,

Model DB 12, 12 gauge shotgun, bearing serial number DP03992; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310293; an SCCY, Model CPX2, 9 millimeter pistol, bearing serial number 372582; an FNH, Model Five Seven, 5.7 x 28 caliber pistol bearing serial number 386310322; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ055496; a Zastava, Model PAP M92PV, 7.62 caliber rifle, bearing serial number M92PV064626; an FNH, Model Five Seven, 5.7 x 28 caliber pistol, bearing serial number 386310119; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JX108653; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJ059685; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26405; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22247; a Glock, Model 29, 10 millimeter pistol, bearing serial number BCNA646; a Diamondback Arms, Model DB-15, 5.56 millimeter caliber pistol, bearing serial number DB-1826354; a Taurus, Model PT809, 9 millimeter pistol, bearing serial number TJX19309; a Tangfolio, Model Witness, 9 millimeter pistol, bearing serial number MT26406; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TKN84123; a Taurus, Model Judge, .45 caliber/410 gauge revolver, bearing serial number JY117233; a Glock, Model 21, .45 caliber pistol, bearing serial number XXL616; a CANIK, Model TP-9, 9 millimeter pistol, bearing serial number 16AP00604; a KELTEC, Model PMR30, .22 caliber pistol, bearing serial number WWEH34; and ammunition.

    5.     Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. The parties agree that restitution is not an issue in this case.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 per count to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-agree that a sentence of 63 months imprisonment is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-recommend a term of supervised release of 3 years

-demand forfeiture of all firearms and ammunition involved in the commission of these offenses, as detailed in paragraph 4 above.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows[2]:

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

| | | |
|---|---|---|
| U.S.S.G. 2K2.1(a)(4)(B) | Base Offense Level | 20 |
| U.S.S.G. 2K2.1(b)(A) | Number of Firearms Sold | +2 |
| U.S.S.G. 2K2.1(b)(5) | Trafficking of Firearms | +4 |
| U.S.S.G. 3E1.1(a),(b) | Acceptance of Responsibility | -3 |
| | **Adjusted Offense Level** | **23** |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c), however the parties believe the defendant to be a Criminal History Category III. Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

---

[2] All offenses of conviction will group together under U.S.S.G. 3D1.1, so the controlling guideline with be U.S.S.G. 2K2.1 as applied to the Engaging In the Business charge listed in Count 35.

9

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

17. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is

in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

18. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          8/28/18
ERIN MCKENZIE                              Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          8/28/18
SHELBY STRONG                              Date
Defendant

11

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        8/28/18
KEITH KAMENISH                                                     Date
Counsel for Defendant

RMC:_____

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number: _____

_____

Name of Person Completing Form:

_____   _____   _____
First                                  Middle                                 Last

My Signature: _____   Date: _____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1

13